David WILSON, Plaintiff,

v.

INTERCOLLEGIATE (BIG TEN) CONFERENCE ATHLETIC ASSOCIATION, an unincorporated association et al., Defendants.

No. 81–2098.

United States District Court,
C. D. Illinois.

May 19, 1981.

Robert I. Auler, Urbana, Ill., for plaintiff.

George V. Eighmey, D. Cameron Dobbins, Champaign, Ill., Byron L. Gregory and Steven H. Hoeft, Chicago, Ill., Charles L. Palmer, Champaign, Ill., James J. Costello and Timothy O. Madigan, University of Illinois, Urbana, Ill., for defendants.

## DECISION AND ORDER ON MOTION TO REMAND

ROBERT D. MORGAN, District Judge.

This is a civil action, originally filed in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, as case number 80–C–801. Plaintiff is a student at the University of Illinois at Urbana-Champaign, is a member of the varsity football team, and the suit involves his eligibility to play intercollegiate football.

Plaintiff filed his original complaint in two counts on August 19, 1980, naming as defendants the National Collegiate Athletic Association (NCAA), the Big Ten Athletic Conference (Conference), Neale Stoner, as Athletic Director of the University of Illinois Athletic Association (Stoner), and the University of Illinois Athletic Association (UIAA). He sought declaratory judgment and injunctive relief. On August 26, 1980, plaintiff amended his complaint to name as alternative defendants the ten individual member schools of the Conference and the Conference Commissioner, Wayne Duke. Hearings were conducted in the state court on plaintiff's prayer for preliminary injunctive relief. Defendants, through legal counsel, participated in those hearings. A preliminary injunction in plaintiff's favor was granted on September 5, 1980. The circuit court dissolved that injunction on September 17, 1980. The Illinois Appellate Court, Fourth District, reinstated the injunction on September 19, 1980, and the Illinois Supreme Court, on October 3, 1980, denied leave to appeal. Plaintiff played

football for the University of Illinois in the fall of 1980 under that injunction.

On March 25, 1981, plaintiff filed three "Additional Counts to Amended Complaint." The additional counts were directed only against defendant Conference. Conference filed a petition to remove the case to federal court on April 8, 1981. Plaintiff filed a motion to remand on May 4, 1981. The parties presented oral arguments on the remand motion on May 11, 1981, and have submitted briefs in support of their respective positions. For the reasons developed herein, the motion to remand must be denied.

## I

### Right to Remove Under 28 U.S.C. § 1446(b)

Plaintiff's original complaint,[1] entitled "Complaint for Declaratory Judgment and Injunction," is in two counts. Count One alleges that the NCAA[2] and Neale Stoner denied plaintiff the equal protection of the laws, as guaranteed by the Constitutions of the State of Illinois and the United States, by promulgating certain NCAA rules and applying them to plaintiff. Count Two alleges that the Conference, Stoner, and UIAA denied plaintiff procedural due process, as guaranteed by the Constitutions of the State of Illinois and the United States, during hearings that were held to determine the status of his eligibility to participate in intercollegiate athletics.

■■■ Both parties appear to concede that the original complaint was removable, as it stated a federal question. When defendants, for whatever reason, failed to seek removal within the time prescribed by statute, 28 U.S.C. § 1446(b), they waived their right to remove that action. *Fletcher v. Hamlet*, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886); 28 U.S.C. § 1446(b)(¶ 2).

The initial question before this court, therefore, is whether the additional counts, which plaintiff voluntarily filed in 1981, so changed the nature of the suit as to revive the right to remove. This court decides that plaintiff's voluntary amendments of March 25, 1981 did state several new federal causes of action against defendant Conference, thus reviving its right to remove.

Plaintiff's original complaint named Conference only in Count II (procedural due process). The amendments name Conference as the sole defendant, alleging violations of First Amendment rights to travel, study, associate and compete; racial discrimination under 42 U.S.C. § 1981; violation of unspecified civil rights under color of state law under 42 U.S.C. § 1983; conspiracy to discriminate against a class under 42 U.S.C. § 1985; failure to give full faith and credit under Article IV of the United States Constitution; violation of unspecified rights under the Fourteenth Amendment (all in Count III); violations of the Illinois antitrust statutes (Count IV); and sex discrimination by a public institution under 20 U.S.C. §§ 1681-83 (Title IX) (Count V).

Plaintiff argues that all of the counts arise out of a single body of facts and seek to redress a single injury, and thus constitute a single cause of action. The court cannot agree.

The determination of what constitutes a cause of action must be made here by looking to federal law, and the Supreme Court of the United States has stated:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13, 71 S.Ct. 534, 95 L.Ed. 702 (1951), quoting *Baltimore S. S. Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

---

**1.** Throughout this opinion the term "original complaint" denotes plaintiff's complaint as amended on August 26, 1980. The substantive claims and prayers for relief in the August 19 complaint and August 26 complaint are virtually identical. The August 26 amendment changed the alleged status of the Conference

from a corporation to an unincorporated association and added the ten individual member schools of the Conference as defendants.

**2.** NCAA was dismissed from the suit through stipulation on April 7, 1981.

The injury that is cognizable in a court of law is injury to *a legal right*. Plaintiff argues that the injury in this case is his ineligibility to play football. However, his present ineligibility, which he seeks to change or redress, is simply the *result* of the alleged injuries to his legal rights. Thus, plaintiff's complaint, although stating a single set of facts, alleges injury to as many as nine different legal rights, and so states nine separate causes of action against defendant Conference, eight of which are first pled in the amendments of March 25, 1981.[3]

The eight new causes of action are sufficiently different from the original cause of action to give rise to new federal questions that revive the right to remove. As stated above, Conference was named originally as a defendant only in the procedural due process count. The allegations in the new counts, while based on the same facts, advance substantially different legal theories and will involve substantially different proofs and defenses than the original suit. A right to remove may be revived by amendment when plaintiff states new facts, or puts the same facts on new legal grounds, *Galesburg & Kewanee Electric Ry. Co. v. Hart*, 221 F. 7 (7th Cir. 1915).

Another factor that is persuasive to the court in finding new causes of action is that the amendments changed the suit from one in equity to one at law. While the distinctions between suits in law and equity are no longer great, some do still definitely exist. Plaintiff's Counts I and II asked declaratory and injunctive relief, plus unspecified damages, "if appropriate." Plaintiff's jury demand was limited to contested issues of fact. In Counts II, IV and V, plaintiff asks no injunctive relief, seeks millions in money damages, both compensatory and punitive, and demands jury trial on all issues. It is clear that such changes amount to more than technical refinements or mere pleading tactics, as plaintiff argues. Reading the amendments as a whole, they state new federal questions, thus defendant Conference had a revived right to remove under 28 U.S.C. § 1446(b)(¶ 2).

## II

### *Right to Remove Under 28 U.S.C. § 1441(c)*

Having found that Conference's right to remove had been revived by plaintiff's voluntary amendment, the court must examine the pleadings in light of § 1441(c)[4] to determine whether the case is now removable.

Following the previous analysis, the court finds that Counts III and IV are separate and independent causes of action which would be removable if sued upon alone. Briefly, they name only one defendant; although relying on the same facts as Counts I, II and IV, they will require substantially different proofs; and finally they seek different damages to vindicate violations of different rights than do the other counts. These factors meet the requirements set down in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

█ The court also finds that the removable separate and independent claims are joined with nonremovable claims. The pleadings must be evaluated in the form they are in at the time of removal. Thus, the complaint at this time consists of five counts. Counts I and II are nonremovable because their removal was waived previously. Count IV is nonremovable because it is based solely on state law. Counts III and V are the removable claims, as previously discussed. Therefore, the court finds that the entire case is removable under 28 U.S.C. § 1441(c).

---

**3.** This decision does not address the validity of any of plaintiff's allegations, and hence implies nothing with respect to their possible validity.

**4.** 28 U.S.C. § 1441(c): "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

## III

*Procedure Perfecting Removal Under 28 U.S.C. § 1446*

 Plaintiff filed the amendments which revived the removability of this action on March 25, 1981. Defendant Conference filed its removal petition in the district court on April 8, 1981, well within the 30-day limit set down in § 1446(b). The court has reviewed the petition and finds it sufficient under § 1446(a). Since the removal is founded upon § 1441(c), only the defendant named in the separate and independent action is required to petition to remove. Joinder or consent of other defendants is not necessary, *14 Wright, Miller & Cooper, Federal Practice & Procedure*, § 3731 at p. 719; *1A Moore's Federal Practice*, at p. 453. So, even though the other defendants have waived any rights they had to remove, Conference does not suffer from their disability under the circumstances of this case. Thus, this court finds that defendant Conference has followed the procedure in § 1446 and that the case is properly removed to this court.

Finally, under § 1441(c), this court now does have jurisdiction over the entire case, including both federal and non-federal claims. In the interest of judicial economy, all claims now pending will be determined in the federal case. The court has reviewed with care all of the cases cited by plaintiff to suggest contrary conclusions and considers them inapposite or unpersuasive.

Accordingly, IT IS ORDERED that the motion to remand is DENIED.