**Betty Sue LEMKE, as Special Administrator of the Estate of Michael Kirt, a Minor, Deceased, Plaintiff,**

v.

**ST. MARGARET HOSPITAL, et al., Defendants.**

**No. 82 C 4194.**

United States District Court, N.D. Illinois, E.D.

Dec. 13, 1982.

---

Albert F. Hofeld, Ltd., Chicago, Ill., Anesi, Ozmon, Lewin & Assoc., Ltd., Chicago, Ill., for plaintiff.

Daniel J. O'Connor, Baker & McKenzie, Robert O. Duffy, Beverly, Pause, Duffy & O'Malley, Robert Marc Chemers/Richard L. Berdelle, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Betty Sue Lemke, an Illinois resident, brought this action in the Circuit Court of Cook County, under the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, §§ 1–2, alleging that the wrongful conduct of defendants, St. Margaret Hospital, Hammond Indiana, Dr. U.H. Patel, a surgeon licensed in Indiana, and Wentworth Jr. High School, School District # 155, caused the injury and death of her minor son. Defendants Patel and St. Margaret Hospital filed an uncontested petition for removal to this Court on July 6, 1982. This matter is presently before the Court upon the motion of defendant St. Margaret Hospital for transfer of venue to the Northern District of Indiana, pursuant to 28 U.S.C. § 1404(a). Defendant Patel has also moved to dismiss for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and, alternatively, to transfer of venue to the Northern District of Indiana. In addition, defendants Wentworth Jr. High School ("Wentworth") and School District # 155 filed a motion to remand the case against them to the state court. For reasons stated below, defendant St. Margaret Hospital's motion to transfer venue is

denied. Defendant Patel's motions to dismiss for lack of personal jurisdiction and to transfer venue are denied, and the motion to remand is also denied.

### The Complaint

The relevant allegations of the complaint are as follows. Plaintiff's decedent, Michael Lemke, was injured on May 20, 1982, while attending Wentworth Jr. High School in Calumet City, Illinois, when the palm of his right hand was punctured by a pencil. The same day, St. Margaret Hospital in Hammond, Indiana, admitted Michael for treatment. Dr. Patel performed surgery to remove a portion of the pencil from the boy's hand. After the surgery, Michael's physical condition deteriorated, and on May 22, 1982, he was transferred to Michael Reese Hospital in Chicago, Illinois. Two days later he died at Michael Reese.[1]

### Dr. Patel's Motion to Dismiss

The defendant Dr. Patel has moved to dismiss for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Patel stated under oath that he is a citizen and resident of Indiana, that he is only licensed to practice in Indiana, and that he treated plaintiff's decedent only in Indiana. He argues, therefore, that there is no basis for personal jurisdiction over him in Illinois, and further, that federal due process precludes the assertion of jurisdiction over him in Illinois.

In opposition to Patel's motion, plaintiff contends that the Illinois Supreme Court has construed the state's long-arm statute, Ill.Rev.Stat. ch. 110, § 2–209,[2] to assert jurisdiction over non-resident defendants whose conduct outside Illinois produces tortious injury within Illinois. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). Plaintiff

1. On May 28, 1982, the Circuit Court of Cook County, Illinois, appointed plaintiff as Special Administrator of her deceased son's estate.

2. Which provides in pertinent part:
   (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts herein-

after enumerated, thereby submits . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
  \*    \*    \*    \*    \*    \*
  (b) The commission of a tortious act within this State;

also argues that there is personal jurisdiction over Patel on the theory that he is "doing business" in Illinois. In her brief, plaintiff alleges that Patel regularly treats Illinois patients directly and through referrals at St. Margaret Hospital; that Patel is compensated with Illinois public and private funds for treating Illinois residents; and in support of her "doing business" theory, that St. Margaret Hospital, as referral agent for Patel, regularly and continuously solicits Illinois patients. Plaintiff has produced photostatic copies of St. Margaret Hospital advertisements in the Chicago Yellow Pages Consumer Buying Guide. Patel admits that he treated plaintiff's decedent on the hospital's referral.

When a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden of proof. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936); *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir.1971). To meet his burden of proof, the plaintiff must make a prima facie showing of the basis for jurisdiction. *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir. 1971). On a motion to dismiss, however, the plaintiff's allegations are taken as true, *Mathers Fund, Inc. v. Colwell Co.,* 564 F.2d 780, 783 (7th Cir.1977).

The instant cause has been removed from state court. Federal court jurisdiction in removal cases is derivative, measured by whether the state court had or would have jurisdiction. *Shultz v. Director, Federal Emergency Management Agency,* 477 F.Supp. 118, 119 (N.D.Ill.1979).[3] State court jurisdiction must be tested against both the local law basis for jurisdiction and the federal standards of due process. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 290, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980). The Illinois Supreme Court recently made clear that its interpretation of the state's long-arm statute is not to be equated with changing federal standards of due process, and that the Illinois

standards are analytically distinct from those federal standards. *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981). The proper inquiry, therefore, is whether Illinois law provides a basis for personal jurisdiction over Dr. Patel, and if so, whether such an assertion of jurisdiction would satisfy the federal requirements of due process.

With the above principles in mind, we have considered separately both grounds for jurisdiction urged by plaintiff. We conclude that there is doubt concerning whether Illinois law allows the long-arm statute to even reach out-of-state doctors under facts such as those at hand. In any event, due process would preclude the assertion of jurisdiction over Dr. Patel if based solely on the tortious act provision of the long-arm statute. Nevertheless, jurisdiction over Dr. Patel in Illinois is proper here, because by regularly treating Illinois patients solicited by St. Margaret Hospital, Dr. Patel may be deemed to be "doing business" in Illinois. Jurisdiction under the "doing business" theory is supported by Illinois law and, upon this record, is consonant with due process.

*The Tortious Act Provision of the Long-Arm Statute*

Plaintiff's argument for jurisdiction based upon the long-arm statute rests primarily on *Gray, supra.* In both *Gray* and this case, conduct outside the state allegedly caused injury to an Illinois resident within the state. Thus, at least facially, a local law basis for jurisdiction over Dr. Patel exists in Illinois.

Two Illinois appellate decisions, however, cast doubt on the above reasoning. In both *Ballard v. Fred E. Rawlins, M.D., Inc.,* 101 Ill.App.3d 601, 56 Ill.Dec. 940, 428 N.E.2d 532 (1981), and *Muffo v. Forsyth,* 37 Ill. App.3d 6, 345 N.E.2d 149 (1976), Illinois courts refused to find jurisdiction over nonresident doctors who allegedly rendered negligent care to Illinois residents. Both cases involved prescriptions written in Mis-

---

**3.** Subject to due process limitations, Federal Rule of Civil Procedure 4(d)(7) permits service to be made in the manner prescribed by the forum state.

souri by the doctors. The plaintiffs in *Ballard* and *Muffo* had argued for jurisdiction based upon the tortious act provision of the long-arm statute. *Ballard* and *Muffo* were decided before *Green* established that the Illinois standards should be construed separately from federal due process. Thus, *Ballard* and *Muffo* do not specify whether jurisdiction was lacking as a matter of local statutory interpretation or on due process grounds.

If *Ballard* and *Muffo* should be considered statutory interpretations, then this Court must find that the tortious act provision of the long-arm statute does not provide a local law basis for jurisdiction over Dr. Patel. Under this reading, we need not reach the due process inquiry in order to deny jurisdiction over Dr. Patel under the long-arm statute. However, if *Ballard* and *Muffo* were based upon federal due process, then this Court could not gainsay that those decisions, at least implicitly, recognized a local law basis for jurisdiction over negligent out-of-state doctors. Under such a reading, this Court would reach the due process inquiry and, though not necessarily bound by a state court interpretation of federal due process, *see Lakeside Bridge & Steel v. Mountain State Const.*, 597 F.2d 596, 599 (7th Cir.1979), we would deny on due process grounds the assertion of jurisdiction over Dr. Patel under the long-arm statute.

In considering the fairness of asserting jurisdiction over Dr. Patel, we observe that Illinois, like other states, has a legitimate interest in providing a convenient and effective forum for its residents. *See S.R. v. City of Fairmont*, 280 S.E.2d 712 (W.Va. 1981); *Woodward v. Keenan*, 79 Mich.App. 543, 261 N.W.2d 80 (1978). In the present context, easy access to the courts may serve to deter shoddy medical treatment and maintain the quality of care rendered to Illinois residents. *See McGee v. Riekhof*, 442 F.Supp. 1276 (D.Mont.1978). However, the above concerns are outweighed by the

need for Illinois residents to have access to the best available medical care regardless of state lines. *See Kennedy v. Ziesmann*, 526 F.Supp. 1328 (E.D.Ky.1981). The Court does not wish to apply a rule which could have a chilling effect on the willingness of out-of-state doctors to treat Illinois patients. Accordingly, we decline to hold that Dr. Patel is subject to suit in Illinois solely because his care allegedly produced tortious injury in Illinois. To decide otherwise would ill-advisedly open the door for nationwide jurisdiction over every doctor, wherever the effects of his care might be felt. A line of federal cases has rejected the view that the "tortious rendition of such [medical] services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt...." *Wright v. Yackley*, 459 F.2d 287 (9th Cir.1972). *See also Chancellor v. Lawrence*, 501 F.Supp. 997 (N.D.Ill.1980); *Soares v. Roberts*, 417 F.Supp. 304 (D.R.I. 1976); *Gelineau v. New York University Hospital*, 375 F.Supp. 661 (D.N.J.1974); *McAndrew v. Burnett*, 374 F.Supp. 460 (M.D.Pa.1974); *Aylstock v. Mayo Foundation*, 341 F.Supp. 560 (D.Mont.1972). When a doctor is merely fulfilling his professional responsibilities to provide services to a patient in need, he should not automatically subject himself to nationwide jurisdiction.

Plaintiff's analogy of this case to *Gray* is not convincing. For due process purposes, doctors should not be treated like manufacturers of products. Typically, doctors offer their services to a very localized market.[4] On the other hand, manufacturers often advertise nationwide and actively seek to serve a nationwide market. It is not unreasonable to expect the manufacturer who sends his product to the consumer to travel to the consumer's forum when the product fails and causes injury. But patients usually travel to the doctor; it is more reasonable to expect the patient to return to the doctor to complain, than to expect the doctor to follow the patient wherever he may go. *See Gelineau*, 375 F.Supp. at 667. Al-

---

4. The fact that the community served by Dr. Patel is not confined to Indiana more readily supports jurisdiction under the "doing business" theory, *infra*, than under the long-arm statute.

legedly negligent medical care does not become a "portable tort" that the patient carries with him. *Wright v. Yachley, supra.* Thus, Dr. Patel cannot be held subject to suit in Illinois solely because his care in Indiana allegedly produced tortious injury in Illinois.

### The "Doing Business" Theory

As a second basis for jurisdiction, plaintiff argues that Dr. Patel is "doing business" in Illinois, in that he regularly treats Illinois patients, solicited by St. Margaret Hospital and referred to him. Dr. Patel has not controverted plaintiff's "doing business" allegations, and they are taken as true for the purpose of this motion.

Illinois recognizes the "present and doing business" theory as a valid local law basis, apart from the long-arm statute, for obtaining jurisdiction over an out-of-state defendant. *St. Louis-San Francisco Ry. Co. v. Gitchoff,* 68 Ill.2d 38, 11 Ill.Dec. 598, 369 N.E.2d 52 (1977). *See also, Lindley v. St. Louis-San Francisco Ry. Co.,* 407 F.2d 639 (7th Cir.1968). In *Gitchoff,* a non-resident defendant was deemed "doing business" in Illinois where a representative of the defendant spent considerable working time in Illinois on behalf of the defendant. 68 Ill.2d at 45–46, 11 Ill.Dec. at 601, 369 N.E.2d at 55. In the present case, the plaintiff alleged that St. Margaret Hospital acts in Illinois on behalf of Dr. Patel, to regularly solicit Illinois patients who are treated by Dr. Patel in Indiana. As in *Gitchoff,* regular conduct in the forum state on behalf of the defendant supports the theory that Dr. Patel is "doing business" in Illinois under Illinois law. The hospital in this case, like the railroad's representative in *Gitchoff,* is responsible for the source of the defendants' revenue from Illinois.[5] The Court

notes that *Ballard* and *Muffo* do not dictate a different conclusion, since those cases dealt only with jurisdiction under the long-arm statute, not under the "doing business" theory.

Given a local law basis for jurisdiction, the Court must still consider the due process restraints upon the exercise of personal jurisdiction. Dr. Patel argues that his conduct and connection with Illinois are not such that he should reasonably anticipate being haled into court here. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *World-Wide* dealt with a nonresident defendant who had no affiliation whatsoever with the forum—no solicitation, no record of regular efforts to serve residents of the forum state. The present case involves more, however, since the hospital solicits Illinois residents to go to Indiana, where it appears that Dr. Patel regularly treats them.

Dr. Patel also argues that he has not purposefully availed himself of the privilege of conducting activities in Illinois. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Yet to the extent that the hospital regularly solicits and refers Illinois patients for Dr. Patel, as a member of the hospital staff,[6] he may be considered as purposefully holding himself out to Illinois residents as a provider of medical care. Dr. Patel has not suggested that he is an unwitting recipient of Illinois patients or that he so rarely treats Illinois patients that it is unfair to expect him to reasonably anticipate being brought into court in Illinois. Clearly, Dr. Patel is unlike the defendant distributor in *World-Wide,* who actively served and sought to serve a limited tri-state area far removed from the forum state. In Dr. Patel's case,

---

5. It is reasonable to assume, as plaintiff alleged, that Dr. Patel is compensated for treating Illinois residents with Illinois funds from private or public sources.

6. The hospital also maintains a facility in Chicago, Illinois. Dr. Patel is not amenable to suit in Illinois, however, merely because he is affiliated with a corporate entity which is subject to jurisdiction in Illinois. *See Green v. Advance*

*Ross Electronics Corp.,* 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981); *Morgenthaler Linotype Co. v. Leonard Storch,* 66 Ill.App.3d 789, 23 Ill.Dec. 352, 383 N.E.2d 1379 (1978). He is amenable to suit under the "doing business" theory because the hospital provides him with business in the form of patients from Illinois.

it appears that a significant portion of the patients he treats live in nearby Illinois. Thus, it should be of no surprise when one of his Illinois patients brings suit.

Dr. Patel argues, further, that he has structured his practice in reliance on Indiana law. It may well be that Dr. Patel is less concerned about the unfairness or inconvenience of defending suit in Chicago—only 25 miles from Hammond—than he is concerned about the application of Indiana substantive law in this case.[7] The Court is mindful that under Indiana law, Dr. Patel's liability exposure could be sharply lessened. But while the choice of law issue may be significant later in this case, it is not before the Court at this time. For jurisdictional purposes, due process is concerned with the ability of potential defendants to structure their primary conduct based upon the foreseeability of foreign state *jurisdiction, World-Wide,* 444 U.S. at 297, 100 S.Ct. at 567; choice of law is a separate concern. For these reasons, jurisdiction over Dr. Patel is proper in Illinois.

### The Motions to Transfer Venue

■ Under 28 U.S.C. § 1404(a), this Court may grant a motion to transfer "for the convenience of the parties and witnesses, in the interest of justice . . . ." However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Magnavox Co. v. Bally Manufacturing Corp.,* 414 F.Supp. 891 (N.D.Ill.1976). Moreover, since plaintiff is a resident of this judicial district, her choice of venue is entitled to considerable deference. *Hess v. Gray,* 85 F.R.D. 15, 24 (N.D. Ill.1979).

■ The hospital and Dr. Patel both argue that they and any Indiana witnesses will be inconvenienced by litigating this matter in Illinois. Transfer of this action to Indiana, however, would inconvenience plaintiff and her Illinois witnesses, including witnesses from the school and Michael Reese. Where transfer would merely shift rather than eliminate inconvenience, plaintiff's original choice of forum will not be disturbed. *Blumenthal v. Management Assistance, Inc.,* 480 F.Supp. 470, 474 (N.D.Ill. 1979). Moreover, the inconvenience argument is weakened considerably by the fact that the city of Hammond is in close proximity to this Court. *See Jenkins v. Wilson Freight Forwarding Co.,* 104 F.Supp. 422 (S.D.N.Y.1952).

Both Dr. Patel and St. Margaret Hospital argue that transfer would serve the interests of justice if jurisdiction could not be obtained over Dr. Patel in Illinois. In light of the Court's ruling above on Dr. Patel's motion to dismiss, however, this argument becomes moot.

### *Wentworth and School District # 155's Motion to Remand*

■ Defendants Wentworth and School District # 155 have moved to remand the instant case as it relates to them to state court. Once a case has been removed from state court to federal court, a timely motion for remand requires that the district court consider whether "the case was removed improvidently and without jurisdiction . . . ." 28 U.S.C. § 1447(c). In the present case, Wentworth and School District # 155 support their motion to remand with two arguments: first, Illinois law requires that suits against an Illinois governmental corporation be brought in the county in which such a defendant's principal office is located, Ill.Rev.Stat., ch. 110 § 7;[8] and second, that the claims against these defendants involve neither a federal question nor diversity of citizenship. We are not persuaded by either argument that removal was improvident or without jurisdiction.

---

7. An Indiana medical malpractice statute, Indiana Code § 16–9.5–9–1 *et seq.* (*Burns* 1976), requires plaintiffs to first submit their claims to a medical review panel. The statute also limits each defendant's potential liability to $100,000.

8. While Ill.Rev.Stat. ch. 110 § 7 was replaced by Ill.Rev.Stat. ch. 110 § 2–103 as of July 1, 1982, Wentworth and School District # 155 refer to the former provision. We will refer to this section as ch. 110 § 2–103.

Defendants St. Margaret Hospital and Dr. Patel petitioned for removal pursuant to 28 U.S.C. § 1441(c), which provides in pertinent part:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Thus, for purposes of this motion, we must determine whether the entire case was properly removed, and then, whether, as a matter of discretion, the claims against Wentworth and School District # 155 should be remanded. Turning to Wentworth's and the School District's first argument, it is clear that the venue requirement of Ill.Rev.Stat. ch. 110 § 2–103, does not render removal to this Court improper. The statute does not require that actions against public corporations be brought only in a *state* court, but rather, that such actions be brought in the *county* wherein the corporation is located. Chapter 110, § 7, does not affect the propriety of removal to this Court, which, like the state court, is located in Cook County. Further, we reject any implication that Wentworth can only be sued in state court. There is no general prohibition against suing such a public entity in federal court.

■ Wentworth's second argument is also without merit. It is true that the claims against Wentworth would be non-removable if sued upon alone: There would be no basis for original jurisdiction in federal court.[9] This fact alone, however, does not preclude removal under section 1441(c). The relevant inquiry to examine the propri-ety of removal under § 1441(c) is two-pronged: first, whether the claims against the removing defendants would be removable if sued upon alone; and second, whether those removable claims are separate and independent from all non-removable claims. The first prong is easily satisfied in the present case because if sued upon alone, plaintiff's claims against St. Margaret Hospital and Dr. Patel would be removable based upon diversity of citizenship. 28 U.S.C. § 1332. Under the second prong of the § 1441(c) inquiry, the otherwise non-removable claims against Wentworth may be removed as part of the "entire case," if they state claims or causes of action that are separate and independent from the removable claims.[10] *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In determining whether causes of action are separate and independent, courts must consider: whether a plaintiff is seeking to vindicate different rights against different defendants; and whether the causes of action are based upon facts that are spatially and chronologically distinct. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.*, 513 F.Supp. 1062, 1065 (C.D.Ill.1981); *Leinberger v. Webster*, 66 F.R.D. 28, 32 (E.D.N.Y.1975). *See generally Finn, supra.* In her counts against Wentworth, plaintiff seeks to vindicate the decedent's right to expect the school to be operated in a manner so as not to cause him injury. *See* Complaint at 8. Plaintiff has charged St. Margaret Hospital and Dr. Patel, however, with negligence in rendering medical care. Clearly, these causes of action involve different defendants who are charged with violating different rights. Wentworth's liability would be based upon facts surrounding the decedent's original injury at the school. Yet the liability of the hospital and Dr. Patel will turn on the facts

---

**9.** Section 1441(c) provides in pertinent part: any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] ... to the district court.... 28 U.S.C. § 1441(a).

**10.** Indeed, without § 1441(c), the entire case would be *non-removable* by virtue of § 1441(b). Subsection (b) provides that removal not based on a federal question is improper unless none of the defendants properly joined "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, since Wentworth is a properly joined defendant located in Illinois—the state where the action was originally brought—the hospital and doctor can only base removal upon § 1441(c).

surrounding the care rendered to the decedent later at the hospital. Thus, Wentworth's liability would be based upon a set of facts that is distinct from the facts that would support liability against the hospital and Dr. Patel. We conclude, therefore, that the causes of action are separate and independent, and pursuant to § 1441(c), the entire case was properly removed.[11]

Having decided that the entire case was properly removed, we must still consider whether the interests of the parties and judicial economy dictate that the claims against Wentworth be remanded. *Leinberger, supra,* 66 F.R.D. at 33. Obviously, if the claims against Wentworth bore no relationship of any kind to the claims against the other defendants, then remand would be proper. *Twentieth Century-Fox Film Corp. v. Taylor,* 239 F.Supp. 913, 922 (S.D. N.Y.1965). Yet even though the claims against Wentworth are separate and independent for purposes of removal, *see* discussion, *supra,* the likely existence of common questions of law and fact persuades the Court that judicial economy will be best served by retaining the entire case. Our decision not to transfer the instant case to the Northern District of Indiana further supports this conclusion.[12]

### Conclusion

For the reasons stated in this opinion, the defendants' motions for transfer are denied, Dr. Patel's motion to dismiss is denied, and Wentworth and School District # 155's motion to remand is denied. It is so ordered.

---

**11.** Wentworth also maintains that it never received notice of the removal petition and learned of it only recently. Yet, removal founded upon § 1441(c) does not require the joinder or consent of all defendants. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.,* 513 F.Supp. 1062, 1066 (C.D.Ill.1981). *See also* Wright, Miller & Cooper, 14 Federal Practice and Procedure § 3731, at 719 n. 9.

**12.** For example, under Illinois law, if Wentworth is found liable for the decedent's original injury, the measure of damages could embrace recovery for any aggravation of the injury caused by a physician's malpractice. *See Kolakowski v. Voris,* 94 Ill.App.3d 404, 50 Ill.Dec. 9, 418 N.E.2d 1003 (1981). Thus, if we required plaintiff to pursue her claims against Wentworth in state court, she would be constrained to litigate the malpractice issues in both state court and this Court.