**William KNOWLES 4217 Whiting Road Philadelphia, PA 19154 Plaintiff,**

v.

**AMERICAN TEMPERING INCORPORATED, 2419 Samuel Drive Cornwells Heights, PA 19020 and M.L. Burke Company 33208 Western Avenue Union City, CA 94587 and Maurice Burke 33208 Western Avenue Union City, CA 94587 and White Lift Truck 130 9th Avenue Hopkins, MN 55343 and Ford Motor Company World Headquarters 3000 Shaffer Road Dearborn, MI 48121 and Aluminum, Brick and Glass Workers International Union 3362 Hollenberg Drive Bridgeton, MO 63044 and Local 510 G, Aluminum, Brick and Glass Workers Union 6 Vista Road Levittown, PA 19057.**

**Civ. A. No. 85–2454.**

United States District Court, E.D. Pennsylvania.

Dec. 9, 1985.

William Hildenbrand, Philadelphia, Pa., for plaintiff.

Andrew L. Markowitz, Elkins Park, Pa., Thomas Powers, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Presently before the court in this action removed from the Court of Common Pleas of Philadelphia County is plaintiff's motion to remand. For reasons which follow, this motion will be granted.

Plaintiff alleges that while moving a 2,000 pound glass case from a truck to a forklift he was severely injured when the case fell from the truck, pinning him against the forklift. Named as defendants are American Tempering, Inc., plaintiff's employer and the packager of the glass case; M.L. Burke & Co. and Maurice Burke, owners of the premises on which the accident occurred; White Lift Truck, the manufacturer of the forklift; Ford Motor Co., the manufacturer of the truck; and Aluminum, Brick and Glass Workers International Union and Local 510 G of that union, labor organizations of which plaintiff was a member.

Plaintiff alleges that the truck, the forklift, and the glass case were defectively designed. He also contends that Burke and Burke Co. were negligent in failing to post instructions regarding unloading of glass cases on their premises, failing to supervise unloading, and failing to maintain their premises. Finally, plaintiff alleges that his union and the international were negligent in failing to instruct and supervise him in the performance of his employment duties.

Although the parties have devoted argument exclusively to the question of whether plaintiff's claims against the union-defendants are grounded in federal law, I conclude that even if plaintiff's claims are federal, the matter should be remanded to state court.

A defendant against whom a federal claim has been asserted in state court may attempt to remove a case under one of two subsections of 28 U.S.C. § 1441. Section 1441(b) provides in part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-

ties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." As a general matter, in order to remove under subsection (b), all defendants named in the action must join in the removal petition. *See Chicago, Rock Island & Pacific R. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985). In this case, only the unions have joined in the removal petition; the other defendants were simply served with copies of the petition. The court's procedural inquiry may not stop at this juncture, however, because there are several exceptions to the universal joinder rule.

■ First, where a defendant files a removal petition prior to service of the complaint on a co-defendant, the removing defendant need not obtain the joinder of the non-served co-defendant. *See Lewis v. Rego,* 757 F.2d at 68; *DiCesare Englar Productions, Inc. v. Mainman Ltd.,* 421 F.Supp. 116 (W.D.Pa.1976). Second, merely nominal parties may be disregarded for removal purposes and need not join in the removal petition. *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 277 (7th Cir.1982).[1] A review of the state court file reveals that defendants other than the unions had been served at the time the removal petition had been filed,

and that at least colorable claims had been presented against defendants other than the unions. Consequently, defendants cannot rely on section 1441(b) as a basis for removal.[2]

■ A second basis for removal of a federal question is offered by section 1441(c), which allows the removal of a case from state court if the state complaint contains a claim that both would be within federal jurisdiction if maintained alone and is separate and independent from the other claims.[3] To effectuate removal under subsection (c), the party against whom a federal claim has been asserted need not obtain the joinder of the other defendants. *See Lemke v. St. Margaret Hosp.,* 552 F.Supp. 833, 841 n. 11 (N.D.Ill.1982); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 513 F.Supp. 1062, 1066 (C.D.Ill. 1981); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3731, at 507–08 n. 9 (2d ed. 1985).

■ . An analysis of whether removal is appropriate under section 1441(c) must begin with the Supreme Court's decision in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn,* a Texan sued two foreign insurance companies and their Texas agent in Texas state court. *Id.* at 7–8, 71 S.Ct. at 537. Plaintiff claimed alternatively that one of

---

**1.** To avail themselves of one of these exceptions, defendants must have set forth in their removal petition an explanation for the absence of a co-defendant's joinder. *See Lewis v. Rego,* 757 F.2d at 68; *Northern Illinois Gas Co.,* 676 F.2d at 270; 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168 [3.–4], at 563 (2d ed. 1985). The unions have failed to make any such assertion in their petition. Failure to satisfy these pleading requirements is not fatal in all cases, however. If the state court file reveals a jurisdictional fact that was omitted from the removal petition itself, a court may allow a petitioning defendant to amend its petition. *Powers v. Chesepeake & Ohio R. Co.,* 169 U.S. 92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1892); *Northern Illinois Gas Co.,* 676 F.2d at 274. As the discussion in the text shows, the state court record fails to supply a factual predicate for the missing jurisdictional allegations.

**2.** *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972) does not support the proposition that

plaintiff here has waived any objections to the procedural regularity of removal. *Grubbs* involved the situation where *no* objection to removal had been lodged until after substantial proceedings on the merits had taken place. *Id.* Here, an objection, albeit on other grounds, had been raised to removal. Certainly *Grubbs* does not preclude me from reviewing the petition and remanding the case for procedural flaws.

**3.** 28 U.S.C. § 1441(c) provides as follows:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removal claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction.

the insurance companies or the agent should provide coverage for a fire loss he suffered. *Id.* The Supreme Court held that the case was improperly removed. In attempting to define the "separate and independent" requirement of subsection (c), the Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action...." *Id.* at 14, 71 S.Ct. at 540 (footnote omitted). The *Finn* court concluded that the allegations against the non-diverse defendant "involve[d] substantially the same facts and transactions as do the allegations against the [diverse defendants]," and that the damage stemmed from a "single incident." *Id.* at 16, 71 S.Ct. at 541.

The *Finn* decision has had the effect of severely limiting the availability of removal under 1441(c). *See Dorfman v. E.R. Squibb & Sons, Inc.*, 617 F.Supp. 496, 499 (E.D.Pa.1985) (Broderick, J.); 14A C. Wright, A. Miller & E. Cooper, *supra* § 3724, at 370; 1A J. Moore & B. Ringle, *supra* ¶ 0.163 [4.–5–1], at 340. Nonetheless, claims may be separate and independent where they involve "completely different questions of fact and substantially different questions of law," *New England Concrete Pipe v. D/C Sys.*, 658 F.2d 867, 873 (1st Cir.1981) (citing *Climax Chem. Co. v. C.F. Braun Co.*, 370 F.2d 616 (10th Cir.1966), *cert. denied*, 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967)), or where the defendants, acting individually, each invade a separate right of the plaintiff. *Dorfman v. E.R. Squibb & Sons, Inc.*, at 499–500 (quoting 1A J. Moore & B. Ringle, *supra* ¶ 0.163 [4.–5–1], at 323).

■ In this case, although the legal standards applicable to the unions may differ from those applicable to the other defendants, the claims against each defendant all depend on a full development of the facts at the time of the accident. Moreover, plaintiff's complaint, taken as a whole, alleges that the combination of action or inaction of each defendant contributed to plaintiff's injury. It follows, the claims must be viewed as "interlocking" within the meaning of the term used in *Finn.* While the nature of the duty each defendant allegedly owed to plaintiff may have differed qualitatively, the claims against the various defendants are dependent on each other. *Cf. Bowerman v. Tomhave*, 414 F.Supp. 7 (E.D.Pa.1975) (products liability claim against manufacturer of medical product not separate and independent from claim against physician for negligent insertion of product); *Fischer v. Brotherhood of R. Trainmen*, 284 F.Supp. 49 (W.D.Mo.1968) (claim against union for breach of duty of fair representation not separate and distinct from claim against employer for breach of contract).

Furthermore, plaintiff has prayed for joint and several liability. While such a prayer is not controlling, *Ryan v. Tollefson*, 118 F.Supp. 420, 423 (E.D.N.Y.1954), it provides a strong indication that there is only a single wrong. *Armstrong v. Monex Int'l*, 413 F.Supp. 567 (N.D.Ill.1976); *Knight v. Chrysler Corp.*, 134 F.Supp. 598, 600 (D.N.J.1955).

■ Finally, although subsection (c) should be applied fairly, the federal courts should construe and apply it in such a manner as will carry out the intent to restrict removal, *White v. Baltic Conveyor Co.*, 209 F.Supp. 716 (D.N.J.1962), and all doubts should be resolved in favor of remand. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957). Taking into account all of the foregoing, I must conclude that the claims against the union are not separate and independent from those against the other defendants.

A discussion of the unions' right to remove in this case would not be complete without mention of the First Circuit's decision in *Charles D. Bonanno Linen Service v. McCarthy*, 708 F.2d 1 (1st Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). In *Bonanno*, defendants in a state proceeding petitioned to remove, claiming that although plaintiff had set forth a federal claim against only

one defendant, the claims against the remainder of the defendants were pendent to the federal claim. *Id.* at 3–4. Each defendant joined in the petition for removal, *id.* at 3, and after a trial in the district court, a judgment was entered against the union and other parties on certain claims. *Id.* On appeal, the First Circuit held that although the district court had jurisdiction over the claims against the union, it did not have jurisdiction over the claims against the other defendants. *Id.* at 3–4. In reaching its result, the court rejected alternative arguments that either pendent party jurisdiction was appropriate in the case, *id.* at 6–8, or that the claims against the union were separate and independent. *Id.* at 8–11. Rather than remand the entire case to state court, however, the First Circuit relied on what it believed was the traditional practice that allowed a party against whom a federal claim had been asserted to remove the claim against it while leaving the other defending parties behind in state court. *Id.* at 11.

Without passing judgment on the soundness of the *Bonanno* bifurcation approach, I find that the instant case is distinguishable from *Bonanno.* The First Circuit expressly predicated the exercise of jurisdiction against the union on section 1441(b). As already discussed, subsection (b) requires the joinder in the petition of all co-defendants, a feature which was present in *Bonanno,* but absent in this case. Removal being a statutory right, procedures must be followed closely. *Lewis v. Rego,* 757 F.2d at 68; *Resident Advisory Board v. Tate,* 329 F.Supp. 427 (E.D.Pa.1971). Because these procedures have not been followed here, the *Bonanno* rationale is not controlling.

The summary judgment order entered August 14, 1985, in favor of American Tempering, Inc., M.L. Burke, and M.L. Burke Co. will be vacated for lack of subject matter jurisdiction and the matter will be remanded to the Court of Common Pleas of Philadelphia County.