875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin KURZ, Plaintiff-Appellant,
v.
CITY OF GROSSE POINTE WOODS, John Danke, Director of the
Department of Public Safety, John Danke, individually, Jack
Patterson, Director of the Department of Public Safety, Jack
Patterson, individually, Patrick Devine, Police Officer,
Patrick Devine, individually, William Desilets, Police
Officer, William Desilets, individually, James Fowler,
Police Officer, Frank Szarzynski, Thomas Mccann, Defendants-Appellees.
 No. 88-1772.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Kevin Kurz ("Kurz") appeals the dismissal of his federal civil rights action, arguing that removal was improper and that the federal claim should have been remanded with the accompanying state claims to the state court. For the reasons that follow, we hold removal was improper and reverse.
 
 I.
 
 2
 Kurz[1] originally filed this action in the Circuit Court for Wayne County, Michigan, on March 2, 1987. The "municipal defendants" were the City of Grosse Pointe Woods; John Danke and Jack Patterson, both as individuals and directors of the City Department of Public Safety; Patrick M. Devine, William Desilets, and James Fowler, as individuals and Grosse Pointe police officers; and two other individuals, Frank Szarzynski and Thomas McCann (the "nonmunicipal defendants").
 
 
 3
 Kurz alleged that between 1981 and 1984, the defendants engaged in a joint enterprise of harassment that resulted in juvenile court proceedings being brought against him. Kurz alleged the City acted with reckless or deliberate indifference as its employees acted with the two nonmunicipal defendants to violate his rights. Count I of the complaint alleged joint enterprise to injure Kurz; Count II alleged malicious prosecution/abuse of process; Count III alleged intentional infliction of extreme mental anguish/outrageous conduct; Count IV alleged invasion of privacy; Count V alleged assault and battery/police brutality; Count VI alleged false arrest/imprisonment; and Count VII alleged a violation of Kurz's federal civil rights pursuant to 42 U.S.C. section 1983.
 
 
 4
 None of the municipal defendants were served until January 28, 1988. On February 18, 1988, the municipal defendants petitioned for removal to the District Court for the Eastern District of Michigan. On February 29, 1988, Kurz filed a motion opposing the removal and a "counterpetition" to remand to state court. He argued the removal petition was invalid because the two nonmunicipal defendants had not signed it, and one of them had been served.
 
 
 5
 On April 4, 1988, the district court remanded Kurz's six state claims to state court. The district court found "the state law claims substantially predominate over the Section 1983 claim" and should be resolved in state court. In its remand order, the district court also stated, "IT IS FURTHER ORDERED that plaintiff shall file an amended complaint within five days of the date of this order if he wishes the court to retain jurisdiction over Count VII of the complaint." Kurz never filed an amended complaint, and on April 27, 1988, the district court dismissed his Section 1983 claim.[2] On May 6, 1988, Kurz filed a "Motion For Clarification Of Order And/Or To Revise Or Set-Aside Order." He asserted he did not understand the meaning of the order dismissing his civil rights claim.
 
 
 6
 On June 23, 1988, the district court denied Kurz's motion for reconsideration. The district court explained Kurz's federal claim "was separate and independent of the nonremovable claim against the nine joining defendants as defined by 28 U.S.C. section 1441(c). Thus, it was not necessary for [the nonmunicipal defendants] to join in or consent to the petition for removal." The order was docketed on June 29, 1988, and Kurz filed a timely notice of appeal on July 25, 1988.
 
 
 7
 This appeal presents the question of whether the district court erred in determining Kurz's section 1983 claim was "separate and independent" as defined by 28 U.S.C. section 1441(c) and subject to removal by some of the named defendants.
 
 II.
 A.
 
 8
 The removal statute relied upon by the district court, 28 U.S.C. section 1441(c), provides:
 
 
 9
 (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
 
 
 10
 For purposes of section 1441(c), "a separate and independent claim or cause of action" arises from a set of facts separate and distinct from those facts supporting other claims in the complaint, and results in a wrong separate and distinct from other wrongs the plaintiff alleges in his complaint. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 13-14 (1951). Where there is a separate and independent cause of action, only those defendants against whom it is brought need to join in the petition to remove the entire case. See Thomas v. Shelton, 740 F.2d 478, 483 (7th Cir.1984); Knowles v. American Tempering Inc., 629 F.Supp. 832, 835 (E.D.Pa.1985); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure section 3731, at 507-08 n. 9 (2d ed. 1985).
 
 
 11
 Additionally, section 1441(c) provides that the district court may, in its discretion, retain jurisdiction over the entire case or remand those matters not within its original jurisdiction. A district court's exercise of discretion to remand claims or cases to state court is not reviewable on appeal or otherwise. 28 U.S.C. section 1447(d); see also Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977) (per curiam); In re: Romulus Comm. Schools, 729 F.2d 431, 435 (6th Cir.1984). But the removal issues relevant to this appeal deal with the district court's application of section 1441(c), a mixed question of fact and law, which is subject to de novo review upon appeal. Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 308 (6th Cir.1988).
 
 B.
 
 12
 Kurz alleged in his complaint that the defendants jointly harassed him and caused him to be subjected to various juvenile court proceedings. The municipal defendants are all policemen or city officials. As the defendants point out, because a section 1983 claim may only be brought against those people acting under color of state law, and because Kurz never alleged such action by the two nonmunicipal defendants, then necessarily his civil rights claim only concerns the municipal defendants. The defendants argue that this distinction between the state claims and the federal civil rights claim transforms the latter into "a separate and independent cause of action" within the meaning of section 1441(c). Based upon our review of American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951), we disagree.
 
 
 13
 In American Fire & Casualty, Finn, a Texas resident, filed suit in state court against a nondiverse insurance agent and two foreign insurance companies. Finn claimed fire losses; she asserted the losses were covered by at least one of the insurance policies she held with the defendants, or that the agent was negligent in failing to keep her property insured. The insurance companies removed the case to the district court, where a jury trial was conducted. In a subsequent challenge to the removal, the Supreme Court construed section 1441(c) to mean "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." 341 U.S. at 14 (footnote omitted).
 
 
 14
 The Court noted that an "important purpose [of section 1441(c) ] was to limit removal from state courts." Id. at 9-10 (footnote omitted). In this light, the phrase "separate and independent claim or cause of action" is an expression of "congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." Id. at 12.
 
 
 15
 Reviewing Finn's complaint, the Court found "[t]he single wrong for which relief is sought is the failure to pay compensation for the loss on the property." Id. at 14. In concluding removal was improper, the Court explained
 
 
 16
 [t]he facts in each portion of the complaint involve Reiss [the insurance agent], the damage comes from a single incident. The allegations ... involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as section 1441(c) requires.
 
 
 17
 Similarly, in this case, Kurz alleges a "joint enterprise" involving all of the defendants, which allegedly produced a single harm. The six state claims and one federal claim arise from a single set of operative facts and transactions. Therefore, as in American Fire & Casualty, this case could not be removed pursuant to section 1441(c). The particular facts and theories of each count do not, in themselves, convert each claim into a separate wrong.
 
 
 18
 The defendants rely upon United States v. Bluewater-Toltec Irrigation Dist., 580 F.Supp. 1434 (D.N.M.1984), aff'd, 806 F.2d 986 (10th Cir.1986). Their reliance is misplaced. Bluewater-Toltec involved multiple state and federal claims to water rights. The United States sought to have the state claims removed to federal court and then dismissed, but the district court held the state claims could not be removed. Id. at 1443. Removal under section 1441(b) was not permissible because, as in the present case, all named defendants had not joined in the petition for removal. Id. at 1441. Removal under section 1441(c) was not permissible because, as in this case, the claims were not "separate and independent." Id. at 1442. The district court explained that "[t]his is not a situation where the controversy between the plaintiffs and the United States could be determined and complete relief afforded without the presence of any other original parties to the actions...." Id.
 
 III.
 
 19
 For the foregoing reasons, we hold that removal pursuant to section 1441(c) was improper. Accordingly, the judgment of the district court is REVERSED, and this case is REMANDED with directions to vacate the orders of April 4, 1988, and April 27, 1988, and to remand it to the state court.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Kurz was thirteen years old when this action arose in 1981. Appellant's Brief p. 1. He suffers from several learning disabilities and Tourette's syndrome
 
 
 [2]
 The dismissal was presumably without prejudice, as the dismissal order was silent on that issue. See Fed.R.Civ.P. 41(a)(2) (dismissal is without prejudice unless expressly stated otherwise)